UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NOEL CLIVE, | ) | CASE NO. 4:08 CV2812 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Noel Clive's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Clive, who is incarcerated at the Federal Correctional Institution at Elkton (F.C.I. Elkton), asserts his conviction is invalid because it violates the Double Jeopardy Clause. He seeks an order from this court vacating and setting aside the sentence he is currently serving.

*Background*

A two count indictment was filed in 2005 against Mr. Clive in the United States District Court for the Western District of Pennsylvania. See United States v. Clive, No. 2:05-cr-00383 (W.D. Pa. Dec. 15, 2005). He was arraigned before Judge Robert C. Mitchell on December 16, 2005 and entered a plea of not guilty.

A change of plea hearing was held on July 10, 2006 wherein Count I of the indictment was dismissed. Mr. Clive agreed to plead guilty to Count II, Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b) & (e)(2). The court sentenced him on October 27, 2006 to 57 months in prison, followed by 10 years of supervised release.

A Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 was filed pro se by Mr. Clive on December 10, 2007. United States v. Clive, No. 2:07-CV-1677 (W.D. Pa. 2007). Petitioner argued the statute under which he was convicted, 18 U.S.C. § 2423(b), exceeded Congress's power under the Commerce Clause. Moreover, he argued his attorney was ineffective for advising him to enter into a plea agreement and failing to file an appeal challenging his conviction and sentence pursuant to an unconstitutional statute. The court issued a Miller Notice advising petitioner that he could elect to proceed with the petition as filed, or exercise one of the other options.[1] Mr. Clive chose to proceed with the claims raised in his Motion.

On May 27, 2008, petitioner requested leave to amend his Motion, which the court granted. In granting leave to Amend the Motion to Vacate, the district court sua sponte raised the issue of the statute of limitations provision on § 2255 motions, as imposed by the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The court directed the government to respond to petitioner's habeas motion, and ordered Mr. Clive to show cause why his § 2255 motion should not be dismissed as untimely. "Order Granting Motion to Amend"

---

[1] The Third Circuit Court of Appeals held that, upon receipt of a pro se petition challenging an inmate's conviction or incarceration the district court "should issue a notice to the petitioner regarding the effect of his pleading." United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

(Doc. No. 68, at 3-5). Petitioner did not timely respond to the Rule to Show Cause and the district court determined his §2255 Motion was time-barred, and that petitioner made a "knowing, understanding and voluntary waiver of his rights to appeal and to collaterally attack his conviction and sentence." Memo. Op.(Doc. No. 72, at 12 of 20).

Mr. Clive filed a Motion for Reconsideration on September 2, 2008, which the court granted for the limited purpose of examining his response to the Rule to Show Cause. After the issue was fully briefed, the court issued a Memorandum Opinion on October 20, 2008 wherein it reaffirmed its August 19, 2008 Order denying petitioner's Motion to Vacate. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was then filed before this court on December 1, 2008.

## Analysis

Before Mr. Clive's federal conviction, he was arrested on May 13, 2005 in South Bloomfield, Ohio and charged with "7 counts of criminal possession and conduct related to solicitation of sex with a minor female." (Pet. at 2.) He claims five of the seven counts were dismissed. The state court sentenced him on May 31, 2005 to "fines, suspended prison terms, 2 years non-reporting probation and 12 months restricted (no non-business use) internet access." (Pet. at 2.)

Petitioner believes the state court's judgment is significant because it "testifies to the court's sober view that Petitioner is not a dangerous 'sexual predator traveling between states' as claimed by the federal prosecutor in Exhibit 6. Second, the judgment was rendered without anticipation of, or in response to a request for, transfer of jurisdiction. It carries the weight of finality for double jeopardy purposes." (Pet. at 3.)

3

Mr. Clive complains that the charges set forth in his federal indictment in December 2005 were "factually identical to the felonies previously reduced to misdemeanors." (Pet. at 3.) Not only did the charge fail the "Blockburger test," according to petitioner it "came 6 months after Ohio judgment and 4 months past the Speedy Trial time-bar."[2] (Pet. at 3.) He further challenges the federal indictment because he believed he was solely under Ohio jurisdiction "serving the non-reporting probation sentence, and unreleased to federal jurisdiction." (Pet. at 3.) As such, he believes his attorney should have challenged the district court's jurisdiction and allowed him to "enter a plea of Autrefois Convict."[3] (Pet. at 3.)

During the course of discovery, petitioner allegedly learned that a South Bloomfield police computer which contained a complete chat log of his online dialogue was destroyed after May 31, 2005. He claims his attorney refused to file a motion to suppress after "[e]xculpatory portions of chat had, Petitioner argued, been edited out on paper." (Pet. at 3.) It was only after his attorney "directed" him to accept a plea agreement that he decided to pursue that option. If he had known the "agreement was unlawful because the prosecution violated Petitioner's Double Jeopardy protection," he never would have pleaded guilty. It was only after May 2007 that he began to "doubt both the legality of his reprosecution and his attorney's effectiveness." (Pet. at 5.) Seven months later, petitioner began his collateral attack on his sentence.

---

[2] The Supreme Court has described the Blockburger test as "a rule of statutory construction." Missouri v. Hunter, 459 U.S. 359, 366 (1983). Specifically, the Blockburger rule helps to determine whether Congress intended to punish the same offense under two different statutes. Blockburger v. United States, 284 U.S. 299, 304 (1932).

[3] A plea in bar of autrefois convict is a "plea in bar of arraignment that the defendant has been convicted of the offense." BLACK'S LAW DICTIONARY 145 (8th ed.2004).

4

Without a basis in law, Mr. Clive now argues he is entitled to file in this court because he filed his § 2241 petition "within on year of November 27, 2007 . . . to request this Honorable Court to preserve Petitioner's Constitutional protection against Double Jeopardy, his right to due process and other rights violated by the whole federal reprosecution of a case tried by a competent tribunal of another jurisdiction." (Pet. at 5.) Petitioner seeks this court's assistance to "preserve Petitioner's Constitutional Double Jeopardy protection." (Pet. at 1.) He asserts this court's personal jurisdiction based on his incarceration in Northeast Ohio. Further, he argues that the issue of double jeopardy has never been addressed on the merits, "the Government acknowledges double jeopardy," and his asserted double jeopardy violation justifies a miscarriage of justice entitling him to habeas relief pursuant to 28 U.S.C. § 2241. He seeks, inter alia, a declaration that his sentence is void, dismissal of all federal criminal counts against him, immediate release from prison and free transport to his "town of current domicile."

28 U.S.C. § 2241

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under §28 U.S.C. 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

5

Section 2255 does provide a safety valve, however, wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). Stated differently, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause.") The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); McGhee v. Hanberry McGhee, 604 F.2d 9,10 (5th Cir. 1979).

Mr. Clive has failed to show his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, see In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241

6

because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Clive had the opportunity to raise his claim in his first § 2255 motion to vacate.

To date, only a prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). This "actual innocence" claim is the only exception recognized by the Sixth Circuit. See Charles v. Chandler, 180 F.3d 753, 757 (6th Cir.1999). "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Martin, 319 F.3d at 804 (quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. Id.

As Mr. Clive's petition clearly challenges his conviction and the imposition of his sentence rather than its execution, and as he has failed to show that the § 2255 remedy is "inadequate" or "ineffective," habeas corpus relief under 28 U.S.C. § 2241 is unavailable. The court declines to construe the petition as a motion to vacate Mr. Clive's sentence under § 2255.[4]

---

[4]In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d
(continued...)

Accordingly, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 2253.

IT IS SO ORDERED.

    S/Peter C. Economus - 4/29/09
    PETER C. ECONOMUS
    UNITED STATES DISTRICT JUDGE

---

[4](...continued)
582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.